[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The present action arises out of a one vehicle accident on or about November 28, 1988, in which the plaintiff, Melissa Wunder, was a passenger in a motor vehicle operated by her husband, Michael Wunder. The plaintiff alleges that this accident occurred when her husband drove his motor vehicle over a handicap zone curb in a parking lot situated on property known as 589 Bridgeport Avenue, Milford, Connecticut. The plaintiff further alleges that the defendant, Johnson Hill Urbanek, owns the property located at 589 Bridgeport Avenue and that the plaintiff's injuries were caused by the negligence of the defendant owner in one or more of the following ways:
 a. in that the curbing was not clearly marked by the defendant.
 b. in that the sign posted on the curbing was bent down to the ground.
 c. in that the defendant failed to inspect the parking lot at reasonable intervals to insure the maintenance of safe premises.
 d. in that the defendant failed to warn the plaintiff of the unmarked curbing.
 e. in that the defendant failed to provide adequate lighting in the parking lot.
On May 13, 1992, the defendant filed a motion for summary judgment on the ground that it did not own the subject premises located on 589 Bridgeport Avenue and as a result was not liable as a matter of law. In support of this motion, the defendant filed an affidavit with a certified copy of Milford's Assessor Card and a certified copy of the Warranty Deed showing that the property located at 589 Bridgeport Avenue, Milford, Connecticut was and is owned by Daniel B. Casey, Cecelia C. Martin and Carol Stack. On CT Page 4770 July 15, 1992, the motion for summary judgment was granted by the court, McGrath, J., on the ground that there is no genuine issue of material fact concerning ownership of the property where the plaintiff was injured.
On October 9, 1992, the plaintiff filed a motion to reargue the motion for summary judgment on the ground that the defendant had not answered the plaintiff's discovery request regarding the names of the partners in Johnson Hill Urbanek partnership. Plaintiff's counsel argued that he believes that the defendant Johnson Hill Urbanek is owned by Daniel Casey or Daniel Casey is a partner of Johnson Hill Urbanek and therefore the plaintiff's case against the defendant is proper. The defendant filed an objection to the plaintiff's motion to reargue the motion for summary judgment starting that plaintiff's counsel has had ample opportunity to conduct discovery during the nineteen months prior to the defendant filing its motion for summary judgment. The court, Flynn, J., permitted reopening and reargument for discovery purposes on November 16, 1992 because the court believed that it was reasonable for the plaintiff to have assumed based on the hearing before Judge McGrath that he would have a reasonable time for discovery.
On May 10, 1993, the motion for summary judgment was reargued before the court, Flynn, J. The plaintiff argued that it is possible that Daniel Casey is a partner of the defendant and the defendant partnership has ownership interest of the subject property. However, the plaintiff fails to present any evidence of the relationship between Daniel Casey and the defendant, or that the defendant owns the subject premises. The court notes that it has been approximately two and half years since the subject action was commenced and the plaintiff has been unable to present sufficient evidence that Daniel Casey is a partner of the defendant or that the defendant has any ownership interest in the parking lot where the plaintiff was injured.
Evidence produced by discovery includes an insurance policy issued to Johnson Hill Urbanek of Wauwatosa, Wisconsin and 20 other persons and entities as their interests appear on "multiple buildings or premises", one of which is located at "597-609 Bridgeport Milford, Conn." The policy indicates coverage is on the "building" only. There is nothing in the policy which states that the defendant owns or maintains the parking lot at 589 Bridgeport Avenue or that Daniel Casey, who is the record owner of the premises, is a partner of the defendant. In short as to the CT Page 4771 material fact of ownership, the defendant has proved that the defendant is not the owner of the land and there is no issue as to that. The defendant has not rebutted that proof and did not file a counter affidavit. Liability is premised only on an allegation of ownership in the complaint. There is no other allegation of occupancy or control in the complaint upon which liability is premised. As a result, the motion for summary judgment is granted because the court finds no issue of material fact and the defendant is entitled to judgment as a matter of law.
FLYNN, J.